(March 5, 1987)

■ ERNESTO BRUSCO et al., Respondents, v ST. CLARE'S HOSPITAL AND HEALTH CENTER, Appellant, et al., Defendants.—Order of the Supreme Court, New York County (Ira Gammerman, J.), entered July 2, 1986, which, *sua sponte*, vacated plaintiffs-respondents' default on a prior preclusion order and denied the defendant-appellant's motion for summary judgment, unanimously reversed, on the law, and defendant-appellant's motion for summary judgment is granted, without costs.

Plaintiff husband lost a kidney due to postoperative complications. He and his wife brought suit against two of his private physicians and the defendant-appellant hospital. The action against one physician was allegedly dismissed for lack of jurisdiction. The other physician apparently had little if any involvement in the surgery. Issue was joined on behalf of the hospital on June 1, 1984, by service of an answer and demand for a bill of particulars. When plaintiffs failed to respond, the hospital made a motion to preclude. On October 10, 1984, Justice Andrew Tyler granted a conditional motion to preclude, on plaintiffs' consent, giving plaintiffs 60 days to serve their bill. On May 22, 1986, plaintiffs still had not served the bill of particulars on the hospital, and the hospital moved for summary judgment. The bill was served on June 6, 1986 and summary judgment denied 12 days later. The hospital appeals that denial.

Plaintiffs attempt to excuse their delay by claiming that an attorney misplaced the relevant file. However, by consenting to Justice Tyler's order of October 10, 1984, plaintiffs retained no excuse for their extended delay in complying. *(Cf., Engel v Lichterman,* 95 AD2d 536, 539-540, *affd* 62 NY2d 943.) In relying on the misplaced file excuse, plaintiffs fail to explain the 19-month delay after they announced their willingness to comply with the court's order. To excuse delay or default,

especially a protracted delay, a party must show both a reasonable excuse for his omission and proof of merit to his claim. *(Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693.) Plaintiffs offer no excuse.

As to the merits of plaintiffs' claim, these were laid out in the bill of particulars. The bill, however, failed to distinguish between acts allegedly committed by the hospital and those committed by codefendants—private doctors. As a matter of law, the hospital bears no responsibility for the acts or omissions of private physicians selected by a patient. *(Fiorentino v Wenger,* 19 NY2d 407.) Moreover, the bill does not name any hospital personnel involved in the operation nor does it specify mistakes committed by the unidentified personnel. Thus, it becomes impossible to determine any merit in plaintiffs' case against the hospital. Concur—Murphy, P. J., Kupferman, Milonas, Kassal and Wallach, JJ.