■ SHARON HICKS, Plaintiff, v RONALD FRASER CLINIC, Defendant and Third-Party Plaintiff and Fourth-Party Plaintiff-Respondent, et al., Defendant, et al., Third-Party Defendant. ALDY CASTOR et al., Fourth-Party Defendants-Respondents; OUR LADY OF MERCY MEDICAL CENTER, Fourth-Party Defendant-Appellant.—Order of the Supreme Court, Bronx County (Hansel McGee, J.), entered September 25, 1989, which granted fourth-party defendant Our Lady of Mercy Medical Center's motion for reargument and/or renewal, and upon reargument adhered to its original determination denying summary judgment, is modified, on the law, to grant fourth-party defendant's motion for summary judgment, and otherwise affirmed, without costs or disbursements.

Appeal from the order of March 3, 1989, of the same court and Justice, denying fourth-party defendant's motion for summary judgment is dismissed as superceded, without costs.

Plaintiff, an expectant mother, was admitted to fourth-party defendant Our Lady of Mercy Medical Center (OLM) under the care of her private physician, fourth-party defendant, Dr. Castor, who was not an employee of OLM but a physician with admitting privileges. The sole purpose for her admission was to undergo a cesarean section and deliver her child. As part of routine procedure for obstetrics patients, the hospital

performed a serology blood test for syphilis, which tested positive. This positive result was reported to Dr. Castor. There is no claim made that the serology test was improperly performed or that incorrect results were reported to Dr. Castor. Plaintiff was thereafter treated for syphilis at the defendant Ronald Fraser Clinic, but one year later was rediagnosed as suffering from lupus erythematosis and not from syphilis. The parties agree that there is no dispute that certain patients having lupus may test positive for syphilis.

A fourth-party action was commenced by the Ronald Fraser Clinic against Dr. Castor, the City of New York and OLM. The sole claim in the fourth-party action against the hospital is that the hospital (hereinafter referred to as defendant) failed to diagnose lupus. The IAS court denied fourth-party defendant's motion for summary judgment and thereafter, while granting a motion for renewal and/or reargument, adhered to its prior order.

In the absence of an employment relationship, a hospital cannot be held legally responsible for the actions of a private physician attending his private patient so long as the hospital staff properly carries out the physician's orders. *(Toth v Community Hosp.*, 22 NY2d 255, 265.) There is no argument that Dr. Castor was not a hospital employee. Plaintiff contends, however, that Dr. Castor relied upon the fact that plaintiff had syphilis rather than lupus based on the result of the blood test performed by the hospital and that the hospital employees, during plaintiff's stay, failed to consider the possibility that the test for syphilis resulted in a false positive and that she was possibly suffering from another disease. However, there is no claim that the serology test was improperly performed or that an incorrect result was reported to Dr. Castor. Further, lupus is a disease which is not diagnosable based solely on laboratory results but requires the evaluation of a physician based on medical history, physical examination, complaints, symptoms and laboratory test results. There is no contention that plaintiff ever exhibited signs or symptoms of lupus while a patient at the hospital. Moreover, while a follow-up test performed at an outside laboratory resulted in a negative finding, the results were received by the hospital after plaintiff's discharge and given to Dr. Castor. Thus, the failure to diagnose lupus was the responsibility of plaintiff's private physician Dr. Castor. There was no showing that the hospital either failed to carry out the instructions of Dr. Castor or was aware of any alleged malpractice on his part.

*(See, Toth v Community Hosp., supra,* at 265, n 3, citing *Fiorentino v Wenger,* 19 NY2d 407.)

The unrebutted evidence presented from the affidavit of the Director of Pathology revealed that the sole function of the laboratory personnel was to perform the tests and report the results to the attending physician, Dr. Castor, for his evaluation. The laboratory staff correctly performed its function in reporting the accurate test results to Dr. Castor. *(See, Alvarez v Prospect Hosp.,* 68 NY2d 320 [where summary judgment was granted to a hospital radiologist on the grounds that he was not required to treat patients, but read X rays and then report the correct interpretation to the testing physician].) Concur—Kupferman, J. P., Carro, Asch and Wallach, JJ.