■ JOHN TUZEO, Respondent, v LAZMI HEGDE et al., Defendants, and ST. VINCENT'S MEDICAL CENTER OF RICHMOND,

Appellant.—In an action to recover damages for medical malpractice, the defendant St. Vincent's Medical Center of Richmond appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated April 18, 1989, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff sustained serious personal injuries, including the loss and removal of his right kidney, allegedly emanating from the rendition of medical care by the defendants between February 1985 and February 1987. It is uncontroverted that neither of the defendant doctors had an employment or contractual relationship with the appellant. Their sole affiliation with the appellant consisted of admission privileges. The plaintiff's hospital chart indicates that he was admitted to the appellant hospital by his private attending urologist, Dr. Hegde. In the course of his deposition, Dr. Hegde indicated that there were no orders issued by him which were not carried out by the hospital staff. Although there is some indication that the plaintiff's urine output chart was not monitored properly during certain shifts, Dr. Hegde unequivocally stated that said factor was "not important" to him and not important to the care and treatment of the plaintiff.

The mere fact that a physician is affiliated with a hospital for admissions purposes does not suffice to impute a physician's alleged negligence to that hospital (see, Ford v Burns, 132 AD2d 595, 596; De Peralta v Presbyterian Hosp., 121 AD2d 346, 350). "As a matter of law, the hospital bears no responsibility for the acts or omissions of private physicians selected by a patient" (Brusco v St. Clare's Hosp. & Health Center, 128 AD2d 390, 391).

Significantly, neither of the plaintiff's bills of particulars names any hospital personnel involved in the improper monitoring of the patient's urinary output or in any other act of medical malpractice. Although the appellant identified the three resident surgeons who rendered assistance to Dr. Hegde, it is undisputed that their function was very minimal in nature and that the hospital staff did not stray from the directives given them by Dr. Hegde. Furthermore, neither bill of particulars specifies the mistakes committed by any unidentified hospital personnel.

On these facts, it is impossible to discern any merit to the plaintiff's case against the appellant (see, *Brusco v St. Clare's Hosp. & Health Center, supra,* at 391). Under the circumstances, its motion for summary judgment should have been granted. Kunzeman, J. P., Kooper, Lawrence and O'Brien, JJ., concur.