■ MARLENE GEORGES, Respondent, v LEROY SWIFT, Defendant, and HILLCREST GENERAL HOSPITAL, Appellant. [598 NYS2d 545] —In an action to recover damages for medical malpractice, the defendant Hillcrest General Hospital appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated May 9, 1991, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendant Hillcrest General Hospital, and the action against the remaining defendant is severed.

The plaintiff underwent surgery at the defendant Hillcrest General Hospital (hereinafter Hillcrest) in 1978 for a total abdominal hysterectomy and wedge resection of the right ovary. Claiming that she suffered neurological damage as a result of the operation, she subsequently commenced this medical malpractice action against Hillcrest and the physician who performed the surgery. The plaintiff eventually obtained a default judgment against the physician. Hillcrest thereafter moved for summary judgment dismissing the complaint insofar as it is asserted against it. The Supreme Court denied the

motion on the ground that unspecified triable issues of fact existed in the case. We reverse.

Hillcrest established prima facie its entitlement to judgment as a matter of law by submitting affidavits of medical experts, various hospital records concerning the treatment rendered to the plaintiff, and excerpts from the plaintiff's own examination before trial. Hence, the burden shifted to the plaintiff to lay bare her proof and demonstrate the existence of a material triable issue of fact regarding her claims against Hillcrest *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). However, the plaintiff's opposition papers merely repeated the vague and speculative allegations of negligence previously set forth in her bill of particulars, and she failed to come forward with any evidence of a specific negligent act or omission of a Hillcrest employee which caused her alleged injuries. Moreover, it is clear that Hillcrest cannot be held vicariously liable for any purported malpractice committed by the defendant physician inasmuch as it is undisputed that he was a private attending physician whose services had been retained by the plaintiff, and he was not a hospital employee *(see, Hill v St. Clare's Hosp.,* 67 NY2d 72; *Tuzeo v Hegde,* 172 AD2d 747; *Bush v Dolan,* 149 AD2d 799). Likewise, Hillcrest could not be held answerable for any acts performed in accordance with the instructions of the plaintiff's private physician *(see, Toth v Community Hosp.,* 22 NY2d 255; *Tuzeo v Hegde, supra; Hicks v Fraser Clinic,* 169 AD2d 558; *Christopher v St. Vincent's Hosp. & Med. Ctr.,* 121 AD2d 303).

Furthermore, the plaintiff's reliance upon the doctrine of res ipsa loquitur in opposition to the motion is misplaced, inasmuch as she failed to establish the requisite elements of the doctrine *(see generally, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219; *Mack v Hall Hosp.,* 121 AD2d 431). Indeed, she submitted no evidence demonstrating that Hillcrest exercised exclusive control over the instrumentality which allegedly caused her injuries *(see, Dermatossian v New York City Tr. Auth., supra; Butti v Rollins,* 133 AD2d 205), nor did she identify that instrumentality *(see, Abbott v New Rochelle Hosp. Med. Ctr.,* 141 AD2d 589). Under these circumstances, Hillcrest is entitled to summary judgment *(see, Tuzeo v Hegde, supra; Clott v Kings Highway Community Hosp.,* 120 AD2d 634). Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.