■ ANGELA RODRIGO, Appellant, v BROOKDALE HOSPITAL, Respondent. [599 NYS2d 626] —In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County

(Scholnick, J.), dated June 4, 1990, which granted the defendant's motion for summary judgment dismissing the complaint for failure to timely serve the summons and complaint within the applicable Statute of Limitations.

Ordered that the order is affirmed, with costs.

The instant medical malpractice and wrongful death action was commenced on or about December 3, 1987, against Brookdale Hospital (hereinafter the Hospital). The decedent was treated at the Hospital as a "service" patient from June 18, 1979, until July 20, 1983, and thereafter as a "private" patient until her death on March 26, 1986. A service patient is a patient of the Hospital and its employee doctors; a private patient is considered a patient of the attending physician who is affiliated with the Hospital. In November 1982 the decedent was diagnosed as suffering from gastric carcinoma, a condition which ultimately caused her death four years later on March 26, 1986.

The complaint alleged that the Hospital failed to timely diagnose the decedent's cancer and was thus liable for both malpractice and wrongful death. The Hospital moved for summary judgment, arguing that since its "treatment" of the decedent ended on July 20, 1983, the action was barred by the Statute of Limitations (CPLR 214-a). The Supreme Court agreed and dismissed the complaint. We now affirm.

On appeal, the plaintiff contends that, regardless of the change in the decedent's patient status from that of service to private patient, the Hospital's treatment of the decedent was continuous from 1979 until the date of her death. Accordingly, the plaintiff concludes that under the statutory exception for continuous treatment, the applicable Statute of Limitations was tolled until the date of the decedent's death in March 1986 and thus the action was timely commenced in December 1987 *(see,* CPLR 214-a).

The Hospital's control of the course of treatment to be rendered to the decedent ended no later than July 20, 1983, the last time that the decedent was a service patient at the Hospital's Gastro-Intestinal Clinic. After that point, as reflected in the post-1983 Hospital admission documents, the decedent re-entered the Hospital as the private patient of her personal attending physicians. During these "private" admissions, the primary duty of the Hospital's medical staff was to follow the orders of the attending physicians, who directed the course of treatment which was administered to the decedent *(see, Toth v Community Hosp.,* 22 NY2d 255, 265; *Fiorentino v Wenger,* 19 NY2d 407, 415).

Since the Hospital no longer controlled the decedent's course of treatment after July 20, 1983, there was not an unbroken course of continuous treatment rendered by the Hospital from 1979 until the decedent's death. Under these circumstances, the Statute of Limitations for a malpractice action (see, CPLR 214-a) began to run against the Hospital on July 20, 1983, and expired on January 20, 1986, almost two years prior to the commencement of this action.

"Although a hospital or other medical facility is liable for the negligence or malpractice of its employees (Bing v Thunig, 2 NY2d 656), that rule does not apply when the treatment is provided by an independent physician, as when the physician is retained by the patient * * * (Fiorentino v Wenger, 19 NY2d 407, 414; see, Topel v Long Is. Jewish Med. Center, 55 NY2d 682, 683)" (Hill v St. Clare's Hosp., 67 NY2d 72, 79). Moreover, "the [malpractice] Statute of Limitations [is not] extended against [a] Hospital by imputing to it the continuous treatment of [the] decedent by [an attending physician] by virtue of his [or her] status as a physician affiliated with the Hospital" (Meath v Mishrick, 68 NY2d 992, 994).

There is no allegation by the plaintiff that the Hospital staff improperly carried out or otherwise contravened any of the attending physicians' orders during the post-1983 admissions. "In the absence of an employment relationship, a hospital cannot be held legally responsible for the actions of a private physician attending his private patient so long as the hospital staff properly carries out the physician's orders" (Hicks v Fraser Clinic, 169 AD2d 558, 559).

For these reasons, the Supreme Court correctly concluded that the plaintiff's action against the Hospital was barred by the Statute of Limitations and properly dismissed the complaint.

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Eiber and Santucci, JJ., concur.