■ CATHERINE FILIPPONE et al., Respondents, v ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK et al., Appellants. [677 NYS2d 340] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered June 18, 1997, denying defendants' motion and cross-motion for summary judgment, unanimously modified, on the law and the facts, to dismiss plaintiffs' claims against defendants St. Vincent's Hospital and Dr. Jaffe, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants St. Vincent's Hospital and Medical Center of New York and Ira Jaffe, D.O., dismissing the complaint as against them.

Plaintiffs brought this medical malpractice action, alleging that Catherine Filippone's left ureter was ligated when she underwent a total hysterectomy and bilateral salpingo-oophorectomy on March 20, 1992, and that this obstruction of the ureter caused her to lose nearly all function in her left kidney. The surgery took place at defendant hospital, where Dr. Jaffe was employed as Chief Resident in Obstetrics and Gynecology. Dr. Moreno, a private attending physician affiliated with the hospital, performed the surgery, with Dr. Jaffe assisting.

Four days after the hysterectomy, nonparty urologist Dr. Hillel Marans performed a needle aspiration of a cyst on plaintiff's left kidney. In November 1992, Dr. Marans discovered the ureter obstruction and the kidney failure.

Plaintiffs instituted this action in July 1994, and the Note of Issue was filed on June 20, 1996. On August 8, 1996, the Legislature amended CPLR 3212 (a) to require that summary judgment motions be interposed no later than 120 days from the filing of the Note of Issue. The effective date of this amendment was January 1, 1997. The statute is silent as to whether the amendment is to be given retroactive or prospective effect.

Dr. Jaffe and the hospital moved for summary judgment on March 17, 1997. Dr. Moreno cross-moved for the same relief on April 17, 1997.

The motion court denied summary judgment to defendants on the grounds that the motion and cross-motion were untimely under the amended CPLR 3212 (a). Although this reasoning was erroneous, we affirm the denial of summary judgment with respect to Dr. Moreno because the record reveals the presence of a triable issue as to this defendant's responsibility for the alleged injury. However, summary judgment is granted to Dr. Jaffe and the hospital, for plaintiff has not presented sufficient evidence of independent acts of negligence by these defendants.

We previously had occasion to determine the effect of the amended statute on pending cases in which the Note of Issue was filed before the statute's effective date. In *Phoenix Garden Rest. v Chu* (245 AD2d 164), we held that the 120-day limit should apply to pending cases, but that the 120-day period should run from the statute's effective date, rather than from the date when it was enacted or the date when the note of issue was filed. This compromise effectuates the amendment's intent, namely to prevent parties from delaying the trial by filing last-minute summary judgment motions, yet recognizes the unfairness of relying on a statute not yet in force in order to shorten the movant's 120-day grace period.

Here, the motion court incorrectly reasoned that the 120-day period began on August 8, 1996. Thus, any summary judgment motion in this case would have been untimely as of October 18, 1996, more than two months before the statute itself became effective. We find it far more logical, especially in light of our recent ruling in *Phoenix Garden* (*supra* [decided after the motion court rendered its decision herein]), to hold that defendants had until April 30, 1997 to move for summary judgment.

Dr. Moreno's motion for summary judgment was nonetheless properly denied. In support of their motion and cross-motion, defendants presented excerpts from the deposition transcripts of Dr. Moreno and Dr. Jaffe, in which they stated that they had taken care to move plaintiff's ureters out of their operative field. Defendants also submitted the operative report for the March 20, 1992 operation, which does not mention any problematic contact with her ureter during the surgery. A physician's unsigned affidavit opined that in the days after the operation, plaintiff's back pain and slight fever were not severe enough to have indicated ureter blockage (characterized by extreme back pain and high fever).

In opposition, plaintiffs challenged this affidavit as unsubstantiated because it did not even bear the expert's name, let alone his or her signature. Plaintiffs submitted their own expert's signed affidavit, in which conclusory allegations of negligence predominated over medical details. The only specific factual basis for the expert's conclusion of negligence was plaintiff's post-operative back pain. Were this plaintiff's only evidentiary submission, summary judgment would be appropriate (*Burt v Lenox Hill Hosp.*, 141 AD2d 378, 379). However, plaintiff also submitted an excerpt from her own deposition testimony, in which she stated that when she was in the hospital in November 1992 for the surgery, during which the stitched ureter was discovered, Dr. Moreno came by and said that her ureter might have been stitched as a result of the March 20 surgery. Taken together, these submissions raise an issue of fact as to his negligence in properly performing and supervising the surgery.

Summary judgment should have been granted to Dr. Jaffe and St. Vincent's. Hospitals are not vicariously liable for the acts of a private attending physician (*Hill v St. Clare's Hosp.*, 67 NY2d 72, 79). A hospital is shielded from liability when its employees follow the orders of the attending physician (*Campbell v Stevens Hosp.*, 118 AD2d 988), unless the latter's orders are so clearly contraindicated by normal practice that ordinary prudence requires inquiry into their correctness (*Warney v Haddad*, 237 AD2d 123).

Here, the deposition testimony of both physicians shows that the surgery was planned and directed by Dr. Moreno, with Dr. Jaffe performing routine tasks (*e.g.*, clamping vessels, tying knots, dissecting tissue) under the private surgeon's direct supervision. Nothing in the record indicates that Dr. Moreno's directions so greatly departed from normal practice that Dr. Jaffe, and by extension the hospital, should be held liable for failing to intervene (*Campbell v Stevens Hosp.*, *supra*, at 989). Plaintiff has failed to come forward with admissible evidence demonstrating that an independent act of negligence by Dr. Jaffe or the hospital was a proximate cause of the injury (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 327; *Tuzeo v Hegde*, 172 AD2d 747, 748). Concur—Sullivan, J. P., Milonas, Rosenberger and Tom, JJ.