■ KIMBERLY WALTER et al., Respondents, v MARIA I. BETANCOURT, M.D., Defendant, and MARIO LEITAO, M.D., et al., Appellants. [724 NYS2d 728] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered July 12, 2000, which denied defendants Mario Leitao, M.D. and Beth Israel Medical Center's cross motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as to those defendants. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

This is a medical malpractice action which has its genesis in an obstetrical delivery performed at defendant Beth Israel Medical Center (Beth Israel) on the morning of May 9, 1997. Plaintiff mother was in labor and at 6:45 A.M., co-defendant Dr. Maria I. Betancourt took over management of the labor from Dr. Heïdi Rosenberg, a partner in her medical group. There is no dispute that Dr. Betancourt was a private attending physician who was not in the employ of the hospital.

At approximately 10:35 A.M., the infant's head was delivered and, after trying "once or twice" to deliver the infant's body, Dr. Betancourt realized that the infant's anterior shoulder was entrapped on the pubic symphysis, a condition known as shoulder dystocia. Dr. Betancourt subsequently applied downward traction on the infant's head in an effort to free the shoulder and when that proved unsuccessful, she requested assistance, at which point Dr. Leitao entered the delivery room. There is no dispute that Dr. Leitao was, at the time, a first-year obstetrical resident who had never met plaintiff or been involved with her treatment.

Dr. Betancourt immediately directed Dr. Leitao to apply suprapubic pressure and to assist the attending nurse with the extension of the plaintiff's legs back toward her chest in a manner known as the "McRobert's Maneuver." Simultaneously therewith, Dr. Betancourt grasped the infant's arm and applied traction in an effort to dislodge the shoulder. When this also proved futile, Dr. Betancourt attempted to rotate the infant's shoulder from underneath the pubic symphysis, a tactic known as the "corkscrew maneuver," while Dr. Leitao continued to apply suprapubic pressure and to hold the mother's legs in the McRobert's position. The corkscrew maneuver succeeded and the infant was delivered at 10:37 A.M.

Plaintiffs commenced the within action in November 1997 and assert, *inter alia*, that due to the negligent obstetrical care provided by Beth Israel and Drs. Betancourt and Leitao, the infant was born with a fractured right humerus and was

ultimately diagnosed with Erb's palsy of the upper left extremity. In November 1999, Beth Israel and Dr. Leitao cross-moved for summary judgment dismissing the complaint as against them.* The Supreme Court denied the motion and found an issue of fact regarding "whether Dr. Leitao deviated from the attending physician's orders such that it caused an injury to the plaintiff." Defendants Beth Israel and Dr. Leitao appeal and we now reverse.

It is well established that a hospital is not vicariously liable for the acts of a private attending physician (*Hill v St. Clare's Hosp.*, 67 NY2d 72, 79; *Georges v Swift*, 194 AD2d 517, 518). Further, a hospital is sheltered from liability in those instances where its employees follow the directions of the attending physician (*Filippone v St. Vincent's Hosp. & Med. Ctr.*, 253 AD2d 616, 618; *Christopher v St. Vincent's Hosp. & Med. Ctr.*, 121 AD2d 303, 306, *appeal dismissed* 69 NY2d 707), unless that doctor's orders " 'are so clearly contraindicated by normal practice that ordinary prudence requires inquiry into the correctness of the orders' " (*Warney v Haddad*, 237 AD2d 123, quoting *Toth v Community Hosp.*, 22 NY2d 255, 265 n 3; *see also*, *Somoza v St. Vincent's Hosp. & Med. Ctr.*, 192 AD2d 429, 431).

In this matter, there is no dispute that Dr. Leitao carried out the orders of the attending physician, Dr. Betancourt, and did so to her satisfaction. There is also no evidence that Dr. Leitao exercised any independent medical judgment or that Dr. Betancourt's orders were "clearly contraindicated." Finally, plaintiff's expert's affidavit utterly fails to raise a triable issue of fact regarding Dr. Leitao's alleged negligence as it contains nothing but conclusory allegations unsupported by any factual analysis (*see*, *Margolese v Uribe*, 238 AD2d 164, 166; *Koeppel v Park*, 228 AD2d 288, 290). Concur—Nardelli, J. P., Williams, Tom, Andrias and Buckley, JJ.

* The disposition of plaintiffs' motion to strike Beth Israel's and Dr. Leitao's answers is not at issue in this appeal.