■ Joel F. Garson, as Administrator of the Estate of Mindy Garson, Deceased, Respondent, v Beth Israel Medical Center, Appellant, et al., Defendant. [838 NYS2d 35]—

Order, Supreme Court, New York County (Joan B. Carey, J.),

entered December 8, 2006, which, to the extent appealed from, denied the motion of defendant Beth Israel Medical Center for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against defendant Beth Israel Medical Center. The Clerk is directed to enter judgment accordingly.

It is well settled that a hospital is not vicariously liable for the acts of a private attending physician at its facility who is retained by a patient and is immune from liability where its employees follow the direction of the attending physician, unless that physician's orders "are so clearly contraindicated by normal practice that ordinary prudence requires inquiry into the correctness of the orders" (*Walter v Betancourt*, 283 AD2d 223, 224 [2001] [internal quotation marks and citations omitted]).

Here, the surgery on plaintiff's decedent was performed by Dr. Rubano, a private attending surgeon at Beth Israel Medical Center, referred by the patient's treating physician. Plaintiff maintains that Beth Israel should have prevented Dr. Rubano from performing the surgery because the octogenarian patient had lost 25% of her body weight prior to her hospital admission.

Plaintiff's expert's affidavit fails to raise an issue of fact whether the course of medical treatment undertaken by Dr. Rubano was so clearly contraindicated by the patient's weight loss as to warrant intervention by hospital staff. Nowhere does plaintiff's expert address the fact that initial testing indicated a "likely tumor in the region of the right colon" and further testing revealed a "lesion which was positive for malignancy." Thus, the condition of plaintiff's decedent's marked weight loss is never evaluated against her doctors' opinion that her overall deteriorating condition, including her weight loss, substantiated by objective medical evidence, compelled prompt, invasive medical treatment. The expert's conclusion that surgery should have been postponed until the patient gained weight is therefore based on pure speculation that with time she would gain the weight necessary to tolerate surgery. Plaintiff's expert's further conclusion that the third surgery to remove intestinal blockage was unnecessary, as that condition in the immediate aftermath of surgery usually resolves itself, is similarly speculative, given the expert's failure to evaluate the situation against the patient's advanced age and weakened condition, both before and after her colon cancer surgery.

Plaintiff's position would seem to suggest that every hospital employ a cadre of specialists to be on hand to evaluate each and every surgery performed by a private surgeon where the slight-

est question arises about whether the surgery is indicated. This, to say the least, is impractical and unnecessary, not to mention contrary to existing law. As stated by the Court of Appeals in *Fiorentino v Wenger* (19 NY2d 407, 415 [1967]): "it would not be just for a court, having the benefit of hindsight, to impose liability on a hospital for its failure to intervene in the independent physician-patient relationship. That relationship is always one of great delicacy. And it is perhaps the most delicate matter, often with fluctuating indications, from time to time with the same patient, whether a physician should advise the patient (or his family), more or less, about a proposed procedure, the gruesome details, and the available alternatives. Such a decision is particularly one calling for the exercise of medical judgment. In the exercise of that discretion, involving as it does grave risks to the patient, a third party should not ordinarily meddle" (citations omitted). Concur—Friedman, J.P., Marlow, Sullivan, Sweeny and Catterson, JJ.