SUZANNE McDOWELL, as Administratrix of the Estate of JUDY McDOWELL, Deceased, Respondent, v ERIC J. TATAR, M.D., et al., Defendants, and NYACK HOSPITAL, Appellant. [32 NYS3d 165]—

Order, Supreme Court, New York County (Douglas E. Mc-Keon, J.), entered on or about October 30, 2015, which denied defendant Nyack Hospital's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against defendant Nyack Hospital.

Plaintiff's decedent sought treatment from defendant Eric Tatar, and signed a consent form acknowledging that she was seeking treatment from him and/or his partner. In June 2009, Tatar performed a procedure on the decedent at defendant Nyack Hospital (Nyack), where he had privileges, and admitted her following the procedure. The decedent remained at Nyack under Tatar's care until October 2009, and was seen there by both Tatar and his partner, as well as other physicians. Plaintiff alleges a number of negligent delays in the decedent's treatment, all of which are attributable to Tatar's partner.

Nyack established prima facie that Tatar's partner was neither a hospital employee nor an independent contractor for whose acts or omissions it may be held liable (see Walter v Betancourt, 283 AD2d 223, 224 [1st Dept 2001]). In opposition, plaintiff failed to raise an issue of fact.

Nor did plaintiff present evidence that Nyack's nursing staff failed to timely notify any physicians of a change in the decedent's condition on September 27, 2009. Tatar's partner saw the decedent on that day, as indicated by his note in her record. Plaintiff's expert asserted that there was no indication in Tatar's partner's note that he was aware of a change in the decedent's condition. However, the decedent's condition was documented in the nursing note immediately preceding Tatar's partner's note.

We have considered the remaining issues and find them unavailing. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.