Murphy v Drosinos (2020 NY Slip Op 00214)





Murphy v Drosinos


2020 NY Slip Op 00214


Decided on January 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2020

Renwick, J.P., Manzanet-Daniels, Kapnick, Oing, JJ.


10727 805259/15

[*1] Molly Murphy, et al., Plaintiffs-Appellants,
v
Sophia Drosinos, M.D., et al., Defendants-Respondents.


Kramer, Dillof, Livingston & Moore, New York (Matthew Gaier of counsel), for appellants.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for Sophia Drosinos, M.D., respondent.
McAloon & Friedman, P.C., New York (Gina Bernardi Di Folco of counsel), for Emilie Vander Haar, M.D., Silvana Ribaudo, M.D. and New York Presbyterian Hospital, respondents.



Judgment, Supreme Court, New York County (Martin J. Shulman, J.), entered February 4, 2019, dismissing the complaint pursuant to an order, same court and Justice, entered on or about January 15, 2019, which granted the motions of defendants Sophia Drosinos, M.D., Emilie Vander Haar, M.D., Silvana Ribaudo, M.D., and New York Presbyterian Hospital for summary judgment dismissing the complaint, unanimously modified, on the law, to vacate the dismissal of the complaint as against defendants Drosinos and Ribaudo, and otherwise affirmed, without costs.
Dr. Drosinos failed to make a prima facie showing of entitlement to summary judgment. In reaching the conclusion that Drosinos did not depart from accepted practice in repairing plaintiff's fourth-degree laceration, a tear that extends past the anal sphincter and into the anus that can occur during childbirth, her expert relied solely on testimony that Drosinos was actively involved in suturing the tear and directed the proper placement of every stitch. The expert failed to address plaintiffs' contradictory testimony that Drosinos was moving around the delivery room and was only intermittently at the suture site. Drosinos, meanwhile, testified that it was accepted practice at the time to have "two pairs of hands" performing a fourth-degree laceration repair and denied that she would have stepped away during the suturing. Under these circumstances, Drosinos failed to eliminate all issues of fact, thus precluding summary judgment as to plaintiffs' medical malpractice claim
(see Zapata v Buitriago, 107 AD3d 977, 978-979 [2d Dept 2013]).
Moreover, plaintiffs' expert raised a triable issue of fact by opining that, given the timing of her symptoms and the absence of an infection, the patient developed an anovaginal fistula, an improper connection between the vagina and anus resulting in fecal incontinence, due to the negligent repair of her fourth-degree laceration (see Uchitel v Fleischer, 137 AD3d 1111, 1112-1113 [2d Dept 2016]). Drosinos' expert did not address causation in his moving affirmation, nor did the expert submit an affirmation in reply to plaintiffs' expert's opinion.
Summary judgment was properly granted to defendant Vander Haar, a resident who performed the repair. The record shows that Vander Haar was under the supervision of Drosinos, and she did not exercise her own medical judgment or otherwise operate outside the realm of "ordinary prudence" to trigger individual liability (Filippone v St. Vincent's Hosp. & Med. Ctr. of N.Y., 253 AD2d 616, 618 [1st Dept 1998]). Similarly, defendant hospital cannot be held vicariously liable for Vander Haar's care and treatment of plaintiff, and therefore was also entitled to summary judgment (id.)
Summary judgment was improperly granted to defendant Ribaudo, plaintiff's obstetrician who managed her postpartum care. Plaintiffs raised issues of fact as to whether Ribaudo [*2]departed from accepted practice in failing to refer plaintiff to a colorectal surgeon upon first hearing her complaints of fecal incontinence and stool coming out of her vagina. Ribaudo's expert opinion that the surgical repair was timely performed within a three-to-six-month time period was contradicted by plaintiff's expert, who was qualified to render an opinion on this issue.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2020
CLERK