Gambacorta v Giordano (2021 NY Slip Op 02454)





Gambacorta v Giordano


2021 NY Slip Op 02454


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 805368/14 Appeal No. 13635 Case No. 2020-02848 

[*1]Theodore Gambacorta, Plaintiff-Respondent,
v
Christopher Giordano, M.D., et al., Defendants, Ron Chay, M.D., et al., Defendants-Appellants.


McAloon & Friedman, P.C., New York (Gina Bernardi DiFolco and Colin Rathje of counsel), for Ron Chay, M.D., appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel Lei of counsel), for Staten Island University Hospital, appellant.
Krentsel Guzman Herbert, LLP, New York (Marcia Raicus of counsel), for respondent.



Order, Supreme Court, New York County (Joan A. Madden, J.), entered on or about March 12, 2020, which, to the extent appealed from, denied defendant Ron Chay, M.D.'s motion for summary judgment dismissing the complaint as against him and denied defendant Staten Island University Hospital's (SIUH) motion for summary judgment dismissing so much of the complaint as sought to hold it vicariously liable for the alleged departures of nonparty Dr. Neville Mobarakai, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
The record demonstrates that Dr. Chay's responsibility to diagnose and treat plaintiff's alleged paraspinal infection and abscess was assumed by Dr. Mobarakai, a consulting infectious disease specialist, who followed plaintiff's condition throughout the relevant treatment (see Perez v Edwards, 107 AD3d 565, 566 [1st Dept 2013], lv denied 22 NY3d 862 [2014]; see generally Burtman v Brown, 97 AD3d 156, 161-62 [1st Dept 2012]).
Plaintiff contends that SIUH is vicariously liable for any negligence of Dr. Chay. However, the motion court found that SIUH could not be held vicariously liable for any negligence of Dr. Chay because he was not its employee, and plaintiff did not appeal from the court's order. Accordingly, even assuming Dr. Chay could be found negligent, plaintiff has no claim against SIUH based on Dr. Chay's acts or omissions.
SIUH cannot be held vicariously liable for any acts or omissions of Dr. Mobarakai, because plaintiff failed to identify Dr. Mobarakai in his complaint or bill of particulars as a person for whose negligence SIUH could be liable (see Harty v Lenci, 294 AD2d 296, 298 [1st Dept 2002]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021