R.C. v Jaffe
2026 NY Slip Op 03647
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

R.C. et al., Plaintiffs-Appellants,
v
Ira Jaffe, et al., Defendants-Respondents, Daniel Roshan et al., Defendants.

Decided and Entered: June 09, 2026
Index No. 805288/18|Appeal No. 6827|Case No. 2024-04009|
Before: Moulton, J.P., Friedman, Pitt-Burke, Rosado, Michael, JJ.

Giuffre Law Offices, P.C., Steward Manor (John J. Giuffre of counsel), for appellants.
Martin Clearwater & Bell LLP, New York (Barbara D. Goldberg of counsel), for NYU Langone Health System, respondent.

[*1]
Order, Supreme Court, New York County (Judith N. McMahon, J.), entered on or about June 4, 2024, which, insofar as appealed from as limited by the briefs, granted defendant NYU Langone Health System's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Supreme Court properly dismissed the complaint as against NYU Langone because it cannot be held vicariously liable for the negligence of the mother's private attending doctor, defendant Daniel Roshan (see Hill v St. Clare's Hosp., 67 NY2d 72, 79 [1986]; Walter v Betancourt, 283 AD2d 223, 224 [1st Dept 2001]). Similarly, NYU Langone cannot be held vicariously liable for the conduct of persons who were not identified in the pleadings or in plaintiffs' experts' affirmations as persons for whose negligence NYU Langone may be liable (see Gambacorta v Giordano, 193 AD3d 572, 573 [1st Dept 2021]; Harty v Lenci, 294 AD2d 296, 298 [1st Dept 2002]). This conclusion is true even if issues of fact exist with respect to whether it was a departure from the standard of care to not immediately deliver the infant twins, or at least call for evaluation by a maternal-fetal medicine specialist when the plaintiff mother presented to the NYU Langone emergency room on March 19, 2016, and even if issues of fact exist as to whether such departure proximately caused plaintiffs' injuries — questions we expressly do not decide on this appeal.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026