In the Matter of the Application of IRVING ITZKOWITZ, Petitioner, for an Order Pursuant to the Provisions of Section 103 of the Soldiers' and Sailors' Relief Act of 1940, Staying, Postponing or Suspending the Enforcement of His Obligation or Liability on a Promissory Note Made by One WILLIAM BERNSTEIN to EMPIRE PERSONAL LOAN Co., INC., Respondent.*

Supreme Court, Special Term, New York County, September 26, 1941.

*Louis Spivack*, for the petitioner.

*Melvin Howard Osterman*, for the respondent.

PECORA, J. This is an application for an order pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940 for a stay of the enforcement of the applicant's liability as a comaker upon a promissory note signed by him and another person who is now in the military service. It is undisputed that the moving party did not receive any of the proceeds of the loan. Subdivision 1 of section 103 of the said Soldiers' and Sailors' Civil Relief Act (54 U. S. Stat. at Large, p. 1178; U. S. Code, tit. 50, Appendix, § 513, subd. 1) is entitled " Protection of Persons Secondarily Liable." It provides: " Whenever pursuant to any provisions of this Act the enforcement of any obligation or liability,

---

* See *Modern Industrial Bank* v. *Zaentz* (177 Misc. 132).

the prosecution of any suit or proceeding, the entry or enforcement of any order, writ, judgment, or decree, or the performance of any other act, may be stayed, postponed, or suspended, such stay, postponement, or suspension may, in the discretion of the court, likewise be granted to sureties, guarantors, indorsers, and others subject to the obligation or liability, the performance or enforcement of which is stayed, postponed, or suspended."

The direct question presented is whether a comaker on a note falls within the purview of this section. As a maker of the note, the applicant is primarily liable. He can be proceeded against by the payee, either severally or jointly with his comaker. I do not believe that the language of the section, "and others subject to the obligation or liability," refers to primary obligors. Read in connection with the words preceding it, which refer to sureties, guarantors and indorsers, the rule of construction of *ejusdem generis* would require an interpretation that this phrase referred to similar secondary obligations. The title of the section also leads to that conclusion.

Perhaps one who has acted as an accommodation maker should not be placed in any less advantageous position than a surety or guarantor. But any such argument must be addressed to Congress. This court may only construe the legislation as it has been enacted. The motion is denied.