ROBERT F. MEYERS, as Administrator C. T. A. of the Estate of MARIA GLASHOFF, Deceased, Plaintiff, *v.* HERMAN W. SCHMIDT et al., Defendants.

County Court, Columbia County, February 17, 1944.

*John N. McLaren* for plaintiff.

*Theodore H. Kline* for Edward Schmidt, defendant.

CONNOR, J. Robert F. Meyers, a member of the armed forces of the United States, in his capacity as administrator of the estate of Maria Glashoff, has brought an action to foreclose a mortgage on farm property in this county. One of the defendants, Edward Schmidt, is also a member of the armed forces of the United States, and his exact whereabouts is somewhat in doubt.

Upon the application to compute the amount due, the Honorable George C. Inman appointed Theodore H. Kline, an attorney at law, to represent the interests of the defendant Edward Schmidt. Edward Schmidt left for his induction center the day after he was served with a summons and complaint, but apparently he was a member of the armed forces on the day he was served.

The motion before the court now is a motion for judgment of foreclosure and sale since all of the defendants, including the sailor, have failed to appear or otherwise answer. The question to be decided is the effect of the Soldiers' and Sailors' Civil Relief Act of 1940. (U. S. Code, tit. 50, Appendix, § 501 et seq.) After Mr. Kline's appointment he endeavored in several ways to contact the person for whom he had been appointed to appear. He addressed several letters to him but received no reply. On the day of the return of the motion for judgment of foreclosure, or thereabouts, I personally received a letter from Edward Schmidt addressed from Camp Peary. In the letter he said he was going to " try to straighten the mess out." He further stated that he had received " a copy of the motion and affidavit for the foreclosure of the mortgage — that a large part of them are false. * * * I am going to ask you as a favor to set this motion aside so that I will be able to get in touch with the legal department of the Navy." Upon the strength of this letter, the motion was adjourned until the 16th day of February, and a copy of the letter was turned over to Attorney Kline. A letter was also written to Schmidt at the address on the letter, telling him that the matter had been adjourned until that time. Attorney Kline also immediately wrote him, advising him of his appointment as attorney, but he received no reply from him.

The New York State Soldiers' and Sailors' Civil Relief Act (Military Law, § 300 et seq.) does not apply in this case, for section 311 thereof specifically states that the proof applies only to mortgages originated prior to October 17, 1940, and it is apparent that defendant's obligation arose on January 7, 1941. The Federal Act dealing with mortgages, however, does apply, for section 532 of the Appendix to title 50 of the United States Code, includes " obligations secured by mortgage, * * * upon real or personal property owned by a person in military service at the commencement of the period of the military service and still so owned by him which obligations originated prior to such person's period of military service " (Act, § 302, as amd.). Where there is a conflict

between the New York law and the Federal law, the Federal act controls. (*Kelley* v. *Kelley,* 38 N. Y. S. 2d 344.)

The purposes of the statutes, both Federal and State, for soldiers' and sailors' civil relief, are too well known to give comment. Their purposes are to give members of the armed forces a degree of mental repose and to protect their rights and their remedies and to free them from hardships which might be imposed upon them solely because of the performance of their patriotic duties. On the other hand, the Acts should not be used where there is no merit to inflict hardship upon others not in the armed forces.

There are many equities on the side of the plaintiff. The mortgage sought to be foreclosed forms about the only asset of an estate. The mortgage is on farm property which is being badly neglected and the interests of all in the property are fast deteriorating. The attorney appointed to represent the defendant is unable to inform the court whether or not the ability of the defendant to comply with the terms of the mortgage is materially affected by reason of his military service. It is quite apparent to the court that the defendant in the armed forces has no defense to the action, but the court cannot state from the papers before him that he nevertheless is not entitled to the protection of these statutes. Where there is a doubt as to the application of the statute, it should be resolved, I think, in favor of the member of the armed forces being sued. A reading of that statute (Act, § 302, as amd.), to wit, " unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service " will, I think, show that the burden is on the plaintiff to show, before judgment can be entered, that military service does not materially affect the defendant's ability to meet his obligation.

The defendant has shown nothing. The attorney appointed to represent him does not know, and the proof submitted by the plaintiff here fails to meet that burden. The affidavit submitted by the plaintiff's attorney shows that while the defendant, before entering the armed forces, was always late in the payment of interest and taxes, and always had to be written to by an attorney, he, nevertheless, eventually always did pay. While promptness in the payment of a bill may indicate ability to pay, the failure to be prompt in the payment of bills does not necessarily indicate inability to pay.

A distinction can be drawn between this case and the case of *Dietz* v. *Treupel* (184 App. Div. 448). In that case the defendant

was a chief yeoman in the Naval Reserve. He was not away from home on military or naval service, but appeared, apparently, at the hearing and was energetic and active in those proceedings.

Attorney Kline in his affidavit states that there are at least two real estate brokers interested in the property and that within two or three months a higher price might be obtained for the property, and that the County Treasurer of the County of Columbia has not placed the property in the recent tax sale list because of the fact that Edward Schmidt is in the military service.

Under the circumstances the proceedings should be stayed, but with leave to the plaintiff to renew the motion after the expiration of sixty days; and Attorney Kline is directed to continue his efforts to locate the defendant Edward Schmidt and to protect his interests.