Beknard Tomson, J.
This is a motion for summary judgment. The defendants’ cross motion is for a stay pursuant to the Military Law.
Defendant Zuckerman signed a note as a comaker on a loan made by the plaintiff to the defendant Gould, now in the Air Force. Defendant Zuckerman interposes in his answer, the applicability of the Soldiers’ and Sailors’ Civil Belief Act (Military Law, § 302, subd. 1). Only defendant Zuckerman was served with process in this action, though Gould is a named defendant.
Subdivision 1 of section 302 of the Military Law reads: 1 ‘ Whenever, pursuant to any of the provisions of this article, the enforcement of any obligation or liability, the prosecution of any suit or proceeding, the entry or enforcement of any order, writ, judgment or decree, or the performance of any act, may be stayed, postponed or suspended, such stay, postponement or suspension may, in the discretion of the court, likewise be granted to sureties, guarantors, endorsers and others subject to the obligation or liability, the performance or enforcement of which is stayed, postponed or suspended.” (Emphasis supplied.)
This section, together with the balance of article XIII of the New York State Soldiers’ and Sailors’ Civil Belief Act was added on the recommendation of the Joint Legislative Committee to study the Military Law. The committee’s memorandum (N. Y. Legis. Doc., 1951, No. 35, p. 155) in discussing the article stated that ‘ ‘ The new article will follow more closely the substantive and procedural provisions of the Federal Soldiers’ and Sailors’ Civil Belief Act of 1940, as amended (50 U.S.C.A. App. § 501-590).”
The Federal statute contains an added provision which is absent in the New York statute, namely “likewise be granted to sureties, guarantors, endorsers, accommodation makers, and others, whether primarily or secondarily subject to the obligation or liability. ’ ’ (Emphasis supplied.) That underlined phrase was added by Act of October 6,1942, to the words “ and others.”
In 1951, section 302 of the Military Law was amended to conform to the Federal statute. However, the phrase “ and others ” was not amplified, although the note of this committee stated *412 that “ This section is similar to section 302 of former Article XTTT except that it has been extended to cover ‘ accommodation makers ’ and other persons ‘ whether primarily or secondarily ’ liable. This added language stems from section 513 of the federal act.” (Third Interim Report of Joint Legislative Committee to study the Military Law, N. Y. Legis. Doc., 1951, No. 35, p. 155, 157.) This note would indicate that when New York amended the section in 1951, it inadvertently neglected to change subdivision 1 of section 302, although the language was inserted in .subdivision 2 of section 302 which grants analogous relief.
Important to note is the Report of Committee on Military Affairs on Amendments, June 2, 1942 (House Report No. 2198, 77th Congress, 2d Session) which states that the words “ others subject to the obligation or liability ” were intended to include accommodation makers and others primarily or secondarily liable upon the obligation or liability. The new language is designed to overcome those decisions which failed to interpret the provisions in that manner. Compare Matter of Itzkowits, v. Empire Personal Loan Co. (177 Misc. 269) relied on by plaintiff here.
There seem to be no published cases in New York which interpreted the section since its amendment in 1951. Whatever the import of the authority relied on prior to that date, it would appear clear that the 1951 amendment rendered inapplicable the rule laid down in Itskoivits (supra). In any event, on this issue the explicit language, affording relief to those primarily as well as secondarily liable, contained in the Federal act would control.
See 37 N. Y. Jur. 424, 425, where, (citing Meyers v. Schmidt, 181 Misc. 589; Kelley v. Kelley, 38 N. Y. S. 2d 344; Erickson v. Macy, 231 N. Y. 86, revg. 194 App. Div. 950; New York Life Ins. Co., v. Litke, 181 Misc. 32) it is stated “ In case of a conflict between the federal and state acts, the federal act controls, by reason of Article VI of the United States Constitution, which declares the laws of the United States to be the supreme law of the land binding upon the judges of every state notwithstanding any state law to the contrary. In fact, the Federal Soldiers ’ and Sailors’ Civil Relief Act supersedes state law and is binding on the state court, so that it may be applied in the state court even though there is no similar provision in the state act.”
The plaintiff’s motion for summary judgment is denied with leave to renew when the stay is vacated. The defendants’ motion for a stay is granted.