■ GEORGE GUZMAN, JR., Appellant, v JEFFREY WARENDA, Respondent.—Weiss, J. Appeal from an order of the Supreme

Court (White, J.), entered March 2, 1989 in Montgomery County, which denied plaintiff's motion for entry of a default judgment and dismissed the complaint.

Defendant failed to appear or answer this personal injury action commenced on October 31, 1987 and is in default. More than one year later, on December 31, 1988, plaintiff moved, *inter alia,* pursuant to CPLR 3215 (c) for entry of a default judgment. Plaintiff contended that he was a member of the Armed Forces continuously serving in the Naval Hospital in San Diego, California, from June 23, 1988, and that he was unable to return to Montgomery County until December 20, 1988. Supreme Court held that military service itself did not stay proceedings unless it was shown that plaintiff's ability to prosecute the action was materially affected by reason of military service, citing *Boone v Lightner* (319 US 561) and Military Law § 304. Further, Supreme Court determined that since plaintiff had ample time to seek entry of a default judgment before his entry into the armed forces, and because an application for default judgment does not require the personal appearance of a plaintiff *(see,* CPLR 3215 [e]), sufficient excuse for the delay had not been shown. Plaintiff has appealed from the order which denied his motion for entry of a default judgment and dismissed his complaint.

We affirm. Plaintiff has failed to demonstrate an adequate excuse for failing to enter his default judgment. An application for a default judgment would rarely, and in this instance did not, require a personal appearance on the issue of liability. Prior to his entry into the armed services, plaintiff had seven months to prepare his motion for a default judgment. Counsel was familiar with the facts, having successfully prosecuted an action to a settlement against another party on the same underlying facts prior to the commencement of the instant action. Plaintiff has failed to suggest that he had any difficulty communicating or that he was unable to communicate with his attorney while serving at his stateside military hospital duty station. Both the Federal statute *(see,* 50 USC, Appendix § 521) and State statute (Military Law § 304) which provide relief to active duty servicemen require a finding that a plaintiff's ability to prosecute the action be materially affected by reason of the military service, which has not been shown in this case. Absent a sufficient cause for the delay, dismissal is required *(see,* CPLR 3215 [c]; *Memorial Hosp. v Wilkins,* 143 AD2d 494; *Taylor v Edison Parking Corp.,* 128 AD2d 605).

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.