■ Daniel Pinkowski, Respondent, v All-States Sawing and Trenching, Inc., et al., Appellants, et al., Defendant. [736 NYS2d 769] —Mugglin, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered November 27, 2000 in Saratoga County, which denied a motion by defendants All-States Sawing and Trenching, Inc. and Justin Balog to, inter alia, stay the action against them.

Plaintiff commenced this action to recover damages for injuries sustained in two separate accidents, one of which

involved a motor vehicle owned by defendant All-States Sawing and Trenching, Inc. and driven by defendant Justin Balog (hereinafter collectively referred to as defendants). Six months later, after issue was joined, defendants moved to stay the action against them and sever the causes of action against them from those against defendant Frank Ryan. The stay was sought on the ground that Balog was in active military service and would soon be stationed in Germany (see, Military Law § 304). Supreme Court denied the motion and defendants appeal.

We reject defendants' argument that they established a prima facie entitlement to a stay pursuant to Military Law § 304 by asserting that Balog was in active military service in Germany. Both Military Law § 304 and its federal counterpart require a showing that the ability to prosecute or defend the action will be materially affected by the military service (see, *Guzman v Warenda*, 161 AD2d 1017, 1018, *appeal dismissed* 76 NY2d 885). As noted by Supreme Court, defendants' motion papers contained no claim that their defense would be materially affected by Balog's military service.

On appeal, defendants contend that Balog's testimony, in person at trial, is essential to the defense. Nothing in the record demonstrates that, as a result of his military service, Balog will in fact be unavailable to so testify. Nor is there anything in the record to demonstrate that this action was anywhere near ready for trial when defendants moved for the stay. Assuming, as defense counsel "anticipates," that Balog will be stationed in Germany for three years, there is no claim that defendants' ability to prepare for trial will be materially affected or that there is some impediment which will prevent Balog from appearing at trial. Accordingly, we find no abuse of discretion in Supreme Court's refusal to stay the action and, inasmuch as defendants do not otherwise seek review of the severance aspect of the motion, the order is affirmed.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.