■ Julia Irizarry, Appellant, v St. Barnabas Hospital et al., Respondents, et al., Defendants. [43 NYS3d 45]—

Judgment, Supreme Court, Bronx County (Stanley Green, J.), entered March 6, 2015, dismissing the complaint as against defendants St. Barnabas Hospital, St. Barnabas Community Enterprises, Inc., Olusunmade Adekunle, D.O. sued herein as Ouisukmade Adekuhledo, M.D., and Francisco Solis, D.O. (collectively, St. Barnabas), and bringing up for review an order, same court and Justice, which granted said defendants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

In this medical malpractice action, plaintiff alleges that she sustained injury to her left leg as a result of, inter alia, St. Barnabas staff members' failure to alert the attending physician, George Piccorelli, M.D., of the many issues plaintiff faced upon her return home before she was discharged from the hospital.

St. Barnabas established, via the testimony of its employees and plaintiff's hospital records, that its staff members, including its social workers and physical therapists, were working under Dr. Piccorelli's supervision in preparing plaintiff for discharge (see *Bialick v Camins*, 135 AD3d 479 [1st Dept 2016]). These workers are not liable to plaintiff, since they may not "ordinarily invade the area of a physician's responsibility" (*Garzione v Vassar Bros. Hosp.*, 36 AD2d 390, 392 [1st Dept 1971], *affd* 30 NY2d 857 [1972]).

Defendants Adekunle and Solis were residents, also working under Dr. Piccorelli's supervision, and had no authority to discharge plaintiff, nor did they exercise any "independent medical judgment" in the decision to discharge her (see *MacDonald v Beth Israel Med. Ctr.*, 136 AD3d 516, 516 [1st Dept 2016]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Saxe, Feinman and Kahn, JJ.