**Santiago v NYU Coll. of Dentistry**

2026 NY Slip Op 31015(U)

March 16, 2026

Supreme Court, New York County

Docket Number: Index No. 805134/2024

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**                    PART                    56M

                                        *Justice*

-------------------------------------------------------------------------------X

DAMARIS SANTIAGO,                                        INDEX NO.          805134/2024

                                        Plaintiff,          MOTION DATE          11/21/2025

                        - v -                              MOTION SEQ. NO.          003

NYU COLLEGE OF DENTISTRY, RAYA HAKAKIAN,
SUENG WON JUNG, AMMAR KHAN, ARTHUR                    **DECISION + ORDER ON**
KUBIKIAN, DDS, and MARIA MADONNA, DDS,                        **MOTION**

                                        Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 51, 52, 53, 55, 57, 58, 61

were read on this motion to/for                    STAY/X-MOTION DISCOVERY-SEVERANCE          .

        In this action to recover damages for dental malpractice based on alleged departures

from accepted dental practice and lack of informed consent, the defendants move pursuant to

CPLR 2201, Military Law § 304, and 50 USC App § 501 to stay the action pending the

defendant Ammar Khan's completion of active military service in the United States Navy.

Although the plaintiff does not expressly oppose the request for a stay of proceedings as to

Khan, she cross-moves pursuant to CPLR 3126 to preclude Khan from adducing any evidence

in support of his defense at trial if he does not appear for a deposition at least 60 days prior to

trial, and pursuant to CPLR 603 to sever the action against Khan.  The defendants oppose the

cross motion.  The motion and the cross motion are denied.

        Military Law § 304 provides:

        At any stage thereof, any action or proceeding in any court or in any adjudicatory
        or licensing proceeding before any state agency, including any public benefit
        corporation or public authority, or any political subdivision of the state, in which a
        person in military service is involved as a party, during the period of such service
        or within sixty days thereafter may, in the discretion of the court or adjudicatory or
        licensing agency before which it is pending, on its own motion, and shall, on
        application to it by such person or some person on his behalf, be stayed as

[* 1]

provided in this act, *unless, in the opinion of the court* or adjudicatory or licensing agency, *the ability of plaintiff to prosecute the action, or the defendant to conduct his defense,* or in any adjudicatory or licensing proceeding the ability of the party to represent his interest, *is not materially affected by reason of his military service"*

(emphasis added). Both Military Law § 304 and 50 USC App § 501 require the NYPH defendants to establish their prima facie entitlement to a stay of proceedings, on the ground that Khan remains in active military service, by making "a showing that the ability to prosecute or defend the action will be materially affected by the military service" (*Pinkowski v All-States Sawing & Trenching, Inc.*, 290 AD2d 873, 873 [3d Dept 2002]; *see Guzman v Warenda*, 161 AD2d 1017, 1018 [3d Dept 1990]).

A stay is not mandated simply because the moving party is in military service, inasmuch as, for a movant to invoke the protection of the aforementioned statutes, he or she must make a showing of his or her actual unavailability, and that his or her rights would be adversely affected by virtue of his or her absence from trial (*see Hackman v Postel*, 675 F Supp 1132, 1133-1134 [ND Ill. 1988] ["The fact that the movant is insured and is represented by counsel provided by the insured is a factor to be considered"]; *M&T Mtge. Corp. v Foy*, 15 Misc 3d 1148[A], 2007 NY Slip Op 51199[U], *3 [Sup Ct, Kings County 2007] [law should be broadly construed, but not "employed as a means of enabling one who has flouted his obligations in civilian life to obtain indefinite delay or to cancel his just liabilities"]; *see also Carrasquillo v City of New York*, 236 AD2d 576, 577 [2d Dept 1997] [stay denied because the motion was supported only by an attorney's affirmation, and servicemember could communicate with his counsel regarding his defense]; *Warshawsky v Warshawsky*, 215 AD2d 374, 375 [2d Dept 1995] [stay denied where no material effect on the servicemember's ability to litigate a matter]; *Guzman v Warenda*, 161 AD2d at 1018 [stay denied because there was no evidence that the ability to prosecute an action would be materially affected by reason of military service]; *Turchiano v Jay Dee Transp.*, 109 AD2d 790, 791 [2d Dept 1985] [Military Law § 304 "was not intended to give a litigant, even though in military service, complete immunity from claims arising as a result of his civilian life

805134/2024 SANTIAGO, DAMARIS vs. NYU COLLEGE OF DENTISTRY ET AL          Page 2 of 5
Motion No. 003

2 of 5

[* 2]

and activities"] *Lawry v Lawry*, 37 Misc 3d 921, 929 [Sup Ct, Monroe County 2012]; *Meyers v Schmidt*, 181 Misc 589, 591 [Columbia County Ct 1944] [Military Law § 304 "should not be used where there is no merit to inflict hardship upon others not in the armed forces"]; *cf. Greco v Renegades, Inc.*, 307 AD2d 711, 712-713 [4th Dept 2003] [Supreme Court providently exercised discretion to stay action]).

In the instant matter, Khan asserted, in his own affirmation, that he was "informed that on or about July 19, 2025, [he] will be deployed to Bahrain, or the Kingdom of Bahrain, for a period of no less than two years," and that he will be required to serve in the Navy until May 2029. He nonetheless did not, and probably cannot, predict that he will remain in Bahrain from 2027 through 2029, whether he will be deployed to another foreign country, or whether he might remain stateside. The court notes that Khan is being represented by attorneys designated by the malpractice insurance carrier for the defendant NYU College of Dentistry. Moreover, although this court has issued several status conference orders, discovery is nowhere near completed, and the matter is not likely to be ready for trial for several years.

Additionally, based on the pleadings, the court infers that, at the time of the alleged malpractice, Khan was one of several dental students authorized to treat patients such as the plaintiff at NYU College of Dentistry, under the supervision and auspices of the defendants Arthur Kubikian, DDS, and Maria Madonna, DDS. As required by the federal Health Insurance Portability and Accountability Act of 1996 (Pub L No 104-191, 110 Stat 1936 [1996], codified, as amended, in scattered sections of 18, 26, 29 and 42 USC), Khan is currently registered with the National Provider Identifier service, as a "Student in an Organized Health Care Education/ Training Program," and he apparently is practicing dentistry in this capacity at a United States naval base in Bahrain.[1] As the Appellate Division, First Department, has explained,

---

[1] A court may take judicial notice of "material derived from official government websites" (*Kingsbrook Jewish Medical Center v Allstate Ins Co.*, 61 AD3d 13, 20 [2d Dept 2009]; *see LaSonde v Seabrook*, 89 AD3d 132, 137 n 8 [1st Dept 2011]).

**805134/2024   SANTIAGO, DAMARIS vs. NYU COLLEGE OF DENTISTRY ET AL**                    Page 3 of 5
  Motion No.  003

3 of 5

[* 3]

"a hospital is sheltered from liability in those instances where its employees follow the directions of the attending physician (*Filippone v St. Vincent's Hosp. & Med. Ctr.*, 253 AD2d 616, 618; *Christopher v St. Vincent's Hosp. & Med. Ctr.*, 121 AD2d 303, 306, *appeal dismissed* 69 NY2d 707), unless that doctor's orders '"are so clearly contraindicated by normal practice that ordinary prudence requires inquiry into the correctness of the orders"' (*Warney v Haddad*, 237 AD2d 123, quoting *Toth v Community Hosp.*, 22 NY2d 255, 265 n 3; *see also, Somoza v St. Vincent's Hosp. & Med. Ctr.*, 192 AD2d 429, 431)"

(*Walter v Betancourt*, 283 AD2d 223, 224 [1st Dept 2001]; *see Irizarry v St. Barnabas Hosp.*, 145 AD3d 529, 530 [1st Dept 2016]; *MacDonald v Beth Israel Med. Ctr.*, 136 AD3d 516, 516-517 [1st Dept 2016]; *Suits v Wyckoff Hgts. Med. Ctr.*, 84 AD3d 487, 488 [1st Dept 2011]; *Sela v Katz*, 78 AD3d 681, 682 [2d Dept 2010]).  In other words, where the resident or fellow did not exercise independent judgment or make an independent decision with respect to a patient's care or treatment, neither that physician nor the facility for which he or she was working may be held liable (*see Groff v Kaleida Health*, 161 AD3d 1518, 1520 [4th Dept 2018]; *Bellafiore v Ricotta*, 83 AD3d 632, 633 [2d Dept 2011]).  Where, however, a resident or fellow exercised independent judgment or made an independent decision with respect to such care, both that physician and the facility may be held liable (*see Burnett-Joseph v McGrath*, 158 AD3d 526, 527 [1st Dept 2018] [attending physician's deposition testimony raised triable issue of fact as to whether resident exercised independent judgment]).  This rule applies as well to students in university medical and healthcare programs acting under the supervision of  a licensed professional (*see R.J. v Long Is. Jewish Med. Ctr.,* 2023 NY Misc LEXIS 42588, *6-7, 14-15 [Sup Ct, Queens County, Nov. 10, 2023]).  As discovery proceeds, Khan's co-defendants probably will describe his status at the time that he rendered care to the plaintiff, and describe the scope of his involvement in providing that care.  Thus, it is unlikely that Khan's defense to this action will be compromised even if he is unavailable to testify until 2027.

Since the court is declining to stay the action at this juncture, it concludes, in the exercise of its discretion (*see Luckey v City of New York*, 177 AD3d 460, 460 [1st Dept 2019]), that severance of the action against Khan is not warranted.  Moreover, the court discerns no

805134/2024   SANTIAGO, DAMARIS vs. NYU COLLEGE OF DENTISTRY ET AL          Page 4 of 5
Motion No.  003

4 of 5

basis for issuing a conditional order of preclusion against Khan at this early stage of the litigation should he not submit to a deposition 60 days prior to the commencement of trial. The sanction of conditional preclusion should generally be imposed only where a party has evinced a history of dilatory conduct in the discovery process. In other words, "the sanction imposed should be substantial enough to serve as a deterrent to dilatory behavior in the future" (*Lichter v State of New York*, 198 AD2d 687, 689 [3d Dept 1993]), that is, to influence the behavior of a party who has not complied with prior court deadlines. The plaintiff has adduced no evidence that Khan had engaged in any dilatory behavior in the course of discovery in this action. Hence, the plaintiff's cross motion must be denied.

Should Khan's testimony be sought by the plaintiff immediately prior to the deadline for the filing of the note of issue, which likely will be extended at least a few more times, and Khan is, at that time, still in active service, the parties may seek to renew their requests for the relief that they currently seek.

Accordingly, it is,

ORDERED that the defendants' motion is denied; and it is further,

ORDERED that the plaintiff's cross motion is denied.

This constitutes the Decision and Order of the court.

_____
**3/16/2026**
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| MOTION: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| CROSS MOTION: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**805134/2024   SANTIAGO, DAMARIS vs. NYU COLLEGE OF DENTISTRY ET AL**
**Motion No.  003**

Page 5 of 5