■ ANTHONY J. DECINTIO, Individually and as Administrator of the Estate of MARIE DECINTIO, Deceased, et al., Appellants, v LAWRENCE HOSPITAL et al., Defendants, and MICHAEL CHANG, M.D., Respondent. ANTHONY J. DECINTIO, Individually and as Administrator of the Estate of MARIE DECINTIO, Deceased, et al., Appellants, v LAWRENCE HOSPITAL et al., Defendants, and DEV PANIGRAHI, M.D., Respondent. [821 NYS2d 587]—

Orders, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered May 16, 2005, granting the motions for summary judgment by defendants Chang and Panigrahi, and dismissing the complaint and cross claims against them, unanimously affirmed, without costs.

The medical malpractice claim against Dr. Chang is based on an allegation that he negligently administered a penicillin-related drug to plaintiffs' decedent, causing a severe reaction and further complications. Dr. Chang made a prima facie case of entitlement to summary judgment by submitting evidence, including medication sheets, deposition testimony of the nurses who administered medication to decedent and a report by the Department of Health, all showing that the patient had not been treated with a penicillin-related drug. In opposition, plaintiffs failed to raise a triable issue of fact to defeat summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]).

Dr. Panigrahi is an otolaryngologist who treated decedent on four occasions during her nine-month stay at Lawrence Hospital, and at one point performed a tracheotomy. It is undisputed that plaintiffs' health care representative was informed and made aware of the risks and benefits of this procedure.

Plaintiffs failed to raise a triable issue of fact as to whether decedent was treated by these two defendants without informed consent (Public Health Law § 2805-d [1], [3]). The affidavits of plaintiffs' expert were conclusory and insufficient to raise a triable issue of fact (*see Lynn G. v Hugo*, 96 NY2d 306, 310 [2001]; *Aharonowicz v Huntington Hosp.*, 22 AD3d 615 [2005]). They offered no particulars as to how the failure to inform the health care representative of the alleged instances of anaphylactic shock or ventricular fibrillation might have impacted on the decedent's medical treatment and proximately caused her injury.

Concur—Saxe, J.P., Friedman, Williams, Catterson and Malone, JJ.