■ GRACE ALAVA, Respondent, v CITY OF NEW YORK et al., Appellants et al., Defendant. [863 NYS2d 653]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered April 25, 2007, which, to the extent appealed from as limited by the municipal defendants' briefs, denied their cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs and the cross motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint against them.

Defendant Victor Rivera assaulted plaintiff, an employee of a private company that performs data entry for the New York City Department of Homeless Services, as she was registering him for services as a prospective shelter client. The issue on appeal is whether the municipal defendants owed plaintiff a special duty of protection. We hold these defendants are entitled to summary judgment, because plaintiff failed to raise a triable issue of fact that they assumed a special duty to protect her, or that she justifiably relied on defendants' alleged affirmative undertaking to provide her with protection.

A municipal defendant is immune from liability for negligence claims arising from the performance of its governmental functions unless the injured party can establish the existence of a special relationship (see Mastroianni v County of Suffolk, 91 NY2d 198 [1997]; Kircher v City of Jamestown, 74 NY2d 251 [1989]). The elements of such a relationship are: ''(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affir-

mative undertaking" (*Cuffy v City of New York*, 69 NY2d 255, 260 [1987]).

Here, plaintiff did not demonstrate that she communicated any information to defendants, prior to the attack, concerning her assailant or inadequate security, or that defendants ever made a direct promise to her on which she relied. Plaintiff infers justifiable reliance solely from the usual security defendants provided. Plaintiff testified at her General Municipal Law § 50-h hearing that while there was always one, and sometimes two or three, officers at a table outside the intake office where she worked, none were outside when the incident occurred. Plaintiff similarly testified at her examination before trial that while there were usually security guards outside the intake office where she worked, none were there on that day. She also testified that the officers would go on rounds. There was no testimony that officers were ever in the intake office with her. Thus, given that plaintiff was aware that no guard was present and that the guards would rove, she cannot show reliance (*cf. Florence v Goldberg*, 44 NY2d 189 [1978] [mother unaware that there was no crossing guard on the day in question]). Concur—Andrias, J.P., Gonzalez, Moskowitz and DeGrasse, JJ. [*See* 2007 NY Slip Op 30913(U).]