Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered December 24, 2007, which, insofar as appealed from as limited by the briefs, granted defendants’ motion for summary judgment dismissing the cause of action alleging lack of informed consent as against defendants Samuel Pilnik, M.D. and Lenox Hill Hospital, affirmed, without costs.
Plaintiff claims that because she was not told that the procedure would result in a 6.5 centimeter scar, she did not give her informed consent to the removal of what turned out to be a benign lump in her right breast.
In support of their motion for summary judgment, defendants presented uncontradicted evidence that, after plaintiff went to her personal physician, Dr. Melvin Weinstein, complaining of a painful lump in her right breast, a mammogram and ultrasound study were performed and Dr. Weinstein recommended that plaintiff see Dr. Pilnik, a specialist in breast surgery. After a manual examination of the breast, Dr. Pilnik recommended and, with plaintiff’s consent, performed a fine needle aspiration, which withdrew cells for pathological analysis. The pathologist diagnosed the right breast as “suspicious for carcinoma; suggestively lobular in a background of proliferative breast lesion,” and recommended excision. It is also undisputed that before the suspicious lesion was removed, plaintiff signed a consent form authorizing Dr. Pilnik to perform a surgical procedure “for the removal of a nodule in right breast upper outer quadrant,” in which plaintiff stated that the purpose of the procedure, its expected benefits, possible complications and risks, as well as possible alternatives, had been explained and that all of her questions had been answered fully and satisfactorily.
In opposition to defendants’ motion for summary judgment, plaintiff flatly denied Dr. Pilnik’s assertion that he informed *544 plaintiff of the risks involved, including scarring. She further stated that she told Dr. Pilnik that she wanted a second opinion and asked whether the procedure would leave a mark on her breast. According to plaintiff, Dr. Pilnik responded: “No. You are getting hysterical; this is a routine procedure and they do thousands at Lenox Hill Hospital.” Plaintiff also claimed that Dr. Weinstein told her, “[Y]ou have to do it,” and that “a punch shot biopsy is no big deal, there would be no cuts or anything visible.” In sum, plaintiff claims that she was led to believe that she was entering Lenox Hill for a biopsy and not a lumpectomy and that she was assured by all the doctors that there would be no cut or scar.
To establish a prima facie case of failure to procure informed consent to a medical procedure, a plaintiff must show that the doctor failed to disclose a reasonably foreseeable risk; that a reasonable person, informed of the risk, would have opted against the procedure; that the plaintiff sustained an actual injury; and that the procedure was the proximate cause of that injury (Public Health Law § 2805-d [1], [3]; Messina v Alan Matarasso, M.D., F.A.C.S., P.C., 284 AD2d 32, 34 [2001]; Eppel v Fredericks, 203 AD2d 152, 153 [1994]). As set forth above, defendants demonstrated that plaintiff signed a consent form after being informed of the surgical procedure and the alternatives, as well as the reasonably foreseeable risks and benefits. Thus, it was incumbent upon plaintiff to adduce competent evidence sufficient to rebut defendants’ prima facie showing (see Polcari v Dottino, 35 AD3d 190 [2006]).
While plaintiffs medical expert opined that, if plaintiffs statements are credible, it appears that she “was not informed properly of the invasive procedure,” and that “the surgical scar appears to be excessively large (6.5 cm) in relation to the small area of concern and the tissue that was ultimately removed (2 cm),” neither he nor plaintiff allege, let alone offer any evidence, that a reasonable person, having been told that she had a suspicious and possibly cancerous lesion in her breast, would not have undergone the procedure recommended by Dr. Pilnik, even if she was told that it would leave a 6.5 centimeter scar. Thus, in the absence of any evidence sufficient to raise a triable question of fact regarding that necessary element, the motion court correctly granted Dr. Pilnik summary judgment dismissing the complaint against him (see DeCintio v Lawrence Hosp., 33 AD3d 329 [2006]).
Dismissal of the action as against respondent Lenox Hill Hospital was likewise correct inasmuch as a hospital is not vicariously liable either for the acts of a private attending physi *545 cían or for the act of a resident who followed the instructions of the attending physician (see Walter v Betancourt, 283 AD2d 223, 224 [2001]). Concur—Andrias, J.P., Friedman and Nardelli, JJ.