■ Matter of AUBREY JOSEPH, SR., Deceased, by ETHEL GRIFFIN, Public Administrator of New York County, Appellant, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [905 NYS2d 146]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered May 14, 2009, which granted the motion of defendant Health and Hospitals Corporation (HHC) for summary judgment on the claims against it, unanimously affirmed, without costs.

Plaintiff's decedent was treated at Lincoln Medical and Mental Health Center, a hospital owned and operated by HHC, for injuries sustained after being struck by a fire truck. During his hospital stay, the decedent was followed by the trauma, neurosurgery and orthopedics departments. A short leg cast was placed on the decedent's left foot. Daily follow-up entries noted continued monitoring of the patient's condition. Despite treatment, the decedent developed gangrene on his first and second toes, requiring amputation.

HHC established prima facie entitlement to summary judgment with its expert's affirmation setting forth that treatment of the decedent was within and in accordance with good and accepted practice, and was not the proximate cause of the decedent's injuries. Indeed, HHC's expert affirmed that the medical records did not show the cast on the decedent's left foot being applied too tightly or inappropriately, that the decedent did suffer from severe peripheral vascular disease of the left leg, and that it was this condition, combined with the crush injury to his left foot, that caused the gangrene. The expert opined that based on the comorbidities and the severity of the risks involved, the decedent was not a candidate for bypass surgery, conservative management of his gangrene was an appropriately reasonable exercise of judgment, and the treatment rendered did not contribute to the decedent's injuries.

In opposition, plaintiff failed to raise an issue of fact (see *Moore v New York Med. Group, P.C.*, 44 AD3d 393, 395 [2007], *lv dismissed* 10 NY3d 740 [2008]). Plaintiff's expert's affirmation was conclusory and did not adequately address the prima facie showing in the detailed affirmation of HHC's expert (see *Rodriguez v Montefiore Med. Ctr.*, 28 AD3d 357 [2006]; *see also DeCintio v Lawrence Hosp.*, 33 AD3d 329 [2006]). Plaintiff's

expert affirmed that the cast was applied "unnecessarily" and had not been monitored "properly." However, he failed to address what other treatment modalities would have been appropriate, whether the treatment provided to the decedent was conservative management of his gangrene, or what, if any, impact the crush injury had on the development of gangrene. Nor did this expert respond to HHC's expert's assertion that the cast was an appropriate treatment for a patient presenting with the decedent's symptoms. Concur—Mazzarelli, J.P., McGuire, DeGrasse, Freedman and Richter, JJ.