■ PETA-GAYE BLACKSTOCK, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. [921 NYS2d 858]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered October 7, 2009, which granted defendant's motion insofar as it sought summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, a former special education speech therapist employed by defendant Board of Education, alleges that she suffered personal injuries as the result of an assault by one of her students. Plaintiff further alleges that defendant failed to, among other things, properly supervise its students.

Under these circumstances, in order to impose liability, plaintiff had to show that defendant owed her a special duty of protection (*see Bonner v City of New York*, 73 NY2d 930, 932 [1989]; *see also Vitale v City of New York*, 60 NY2d 861, 863 [1983]). Plaintiff's failure to allege or provide the factual predicate for the special relationship theory in her notice of claim or complaint is fatal to maintenance of this action (*see Rollins v New York City Bd. of Educ.*, 68 AD3d 540, 541 [2009]). Moreover, the record shows that plaintiff could not prove all of the necessary elements of that theory (*see Cuffy v City of New York*, 69 NY2d 255 [1987]). Accordingly, there are no material issues of fact, and summary judgment was properly granted.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Acosta, Moskowitz and Freedman, JJ.