(May 29, 2012)

■ SUMMER HUNTER, an Infant, by her Father and Natural Guardian, JOHN HUNTER, et al., Respondents, v NEW YORK CITY DEPARTMENT OF EDUCATION, Appellant. [945 NYS2d 76]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered October 26, 2010, which, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion granted.

The infant plaintiff, who was sitting on a rug in her second grade classroom, was injured when her classmate who was writing on a nearby chalkboard stepped back and fell on top of her. Defendant New York City Department of Education moved for summary judgment and the motion court denied the motion, finding issues of fact as to whether defendant created a hazardous condition and whether there was adequate supervision.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for forseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Nevertheless, they "are not insurers of safety" and "are not to be held liable 'for every thoughtless or careless act by which one pupil may injure another' " (*id.*). Here, the classmate's spontaneous act of stepping backwards from a chalkboard and falling is an example of such a thoughtless or careless act that could not have been prevented by reasonable supervision (*see e.g. Lizardo v Board of Educ. of the City of N.Y.*, 77 AD3d 437 [2010]). Concur—Friedman, DeGrasse and Richter, JJ.

Tom, J.P., and Manzanet-Daniels, J., dissent in a memorandum by Tom, J.P., as follows: This is an appeal from the denial of a motion for summary judgment (CPLR 3212) seeking dismissal of the complaint for failure to state a cause of action

(CPLR 3211 [a] [7]). By their submissions, the parties clearly charted a summary judgment course (CPLR 3211[e]; *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1987]), inviting the motion court to decide whether, under the circumstances, defendant's employees were confronted with a foreseeable hazard.

The seven-year-old infant plaintiff, who was sitting on a rug and playing cards in her classroom, sustained fractures of the ulna and radius of her right arm when another student standing nearby tripped and fell on her. Her second-grade teacher had allowed three students to write at a chalkboard next to the rug where the infant plaintiff was seated, and the injury occurred when one of the students stepped backwards and tripped over something, landing on the infant plaintiff.

Upon review of a defense motion for summary judgment, a court is constrained to view the evidence in a light most favorable to the plaintiff (*see e.g. Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931, 932 [2007]). Here, the infant plaintiff is a student entrusted to the care of defendant which has "a duty to adequately supervise the students in [its] charge and [ ] will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Indeed, defendant is "obligated to exercise such care of [its] students as a parent of ordinary prudence would observe in comparable circumstances" (*David v County of Suffolk*, 1 NY3d 525, 526 [2003] [internal quotation marks omitted]). There is deposition testimony from which a jury could conclude that defendant's employees were negligent in permitting the infant plaintiff to sit and play on a rug only four inches from where another student, with her back to plaintiff, was allowed to write at a chalkboard. Thus, there are triable issues of fact as to whether defendant created a dangerous condition, whether it adequately supervised the students in its care, and whether the other student's action in moving backwards broke the causal nexus between defendant's alleged negligence and the infant plaintiff's injury (*see generally Mirand*, 84 NY2d at 49-50).

Defendant's lack of notice of prior similar conduct does not operate as an absolute bar to plaintiffs' claims since a jury might find that the danger presented by such close physical proximity was sufficiently foreseeable to put its employees on notice of the potential for injury (*see Garcia v City of New York*, 222 AD2d 192, 195-196 [1996], *lv denied* 89 NY2d 808 [1997]). Moreover, the fact that the teacher gave certain safety-related instructions to her students near the chalkboard may indicate that the pos-

sibility of an accident was foreseeable. The teacher testified that she told the other two students standing by the chalkboard to watch out for the children who were playing on the rug but didn't give or "remember" giving cautionary instructions to the student who backed up and fell over the infant plaintiff.

Accordingly the order should be affirmed.