■ JESUS PAREDES, an Infant, by His Mother and Natural Guardian, RAQUEL NUNEZ, et al., Respondents, v CITY OF NEW YORK, Defendant, and DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, Appellant. [955 NYS2d 317]—

"It is well-settled that schools have a duty to adequately supervise their students, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010] [internal quotation marks omitted]). "[A] teacher owes it to his [or her] charges to exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994] [internal quotation marks omitted]).

Summary judgment should have been granted in this action where the infant plaintiff was injured in a spontaneous playground accident. Moreover, the DOE employee supervising the playground at the time of the accident testified that she instructed the students on how to properly ride the apparatus from which the infant plaintiff fell, and there is no indication

that any type of focused, repetitive instruction would have prevented the accident (*cf. Summer H. v New York City Dept. of Educ.*, 19 NY3d 1030 [2012], *affg* 95 AD3d 719, 719 [1st Dept 2012]). Concur—Saxe, J.P., Friedman, Acosta, Renwick and Freedman, JJ.