■ CHYNA CHUNG, an Infant, by FLORENCE CHUNG, Her Mother and Natural Guardian, et al., Appellants, v NEW YORK CITY BOARD OF EDUCATION, Respondent, et al., Defendant. [26 NYS3d 53]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered October 30, 2014, which, to the extent appealed from as limited by the briefs, granted the motion of defendant New York City Board of Education for summary judgment dismissing the complaint as against it, and order, same court and Justice, entered May 20, 2015, which, insofar as appealable, upon renewal, adhered to the prior determination, unanimously affirmed, without costs.

Defendant established entitlement to judgment as a matter of law, in this action where infant plaintiff sustained injuries when, while in the schoolyard during recess, another student knocked her down while running backwards to catch a football. Defendant demonstrated that adequate supervision was provided by showing that the school had aides present to monitor the children, and instructed the students playing football that they were only to play catch, that there would be no running or tackling, and that they were to stay on their side of the yard (see David v County of Suffolk, 1 NY3d 525 [2003]; Paredes v City of New York, 101 AD3d 424 [1st Dept 2012]; Calcagno v John F. Kennedy Intermediate School, 61 AD3d 911 [2d Dept 2009]). Defendant also showed that the subject accident was proximately caused by the unanticipated spontaneous act of the other student colliding into infant plaintiff (see Lizardo v Board of Educ. of the City of N.Y., 77 AD3d 437, 439 [1st Dept 2010]).

In opposition, plaintiffs failed to raise a triable issue of fact. The expert affidavit she submitted "failed to establish the foundation or the source of the standards underlying the

conclusion that defendant's supervision of the infant plaintiff was inadequate" (*David*, 1 NY3d at 526). Even if plaintiff's expert's experience qualified him to opine about playground safety, the opinions offered here were wholly inadequate to defeat summary judgment because they were conclusory and not expressly related to any of the evidence adduced (*Amini v Arena Constr. Co., Inc.*, 110 AD3d 414 [1st Dept 2013]; *Bean v Ruppert Towers House. Co.*, 274 AD2d 305 [1st Dept 2000]). In addition, plaintiff, whether through her expert or otherwise, fails to raise an issue of fact about how the claimed safety violations proximately caused the infant's accident (*DeCintio v Lawrence Hosp.*, 33 AD3d 329 [1st Dept 2006]). Concur—Friedman, J.P., Sweeny, Saxe and Gishe, JJ.