Perez v City of New York (2020 NY Slip Op 02176)





Perez v City of New York


2020 NY Slip Op 02176


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Renwick, J.P., Richter, Mazzarelli, Singh, JJ.


11341 402692/06

[*1]Priscilla Perez, as Administrator of the Estate of Antonio Perez, deceased, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents, North General Hospital, Defendant.


Michael N. David, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Aaron M. Bloom of counsel), for respondents.



Order, Supreme Court, New York County (George J. Silver, J.), entered August 22, 2018, which granted the motion of defendants City of New York and Fire Department of the City of New York for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In order to state a claim that defendants were negligent in failing to provide an ambulance in a timely fashion, plaintiff was required to show a special relationship (see Applewhite v Accuhealth, Inc., 21 NY3d 420, 423-424, 428 [2013]; Laratro v City of New York, 8 NY3d 79, 82-83 [2006]). However, plaintiff did not allege a special duty or the factual predicate for finding a special duty in her notice of claim or the complaint, precluding her from asserting it for the first time in opposition to summary judgment (see Blackstock v Board of Educ. of the City of N.Y., 84 AD3d 524 [1st Dept 2011]; Rollins v New York City Bd. of Educ., 68 AD3d 540, 541 [1st Dept 2009]). In any event, the record establishes that plaintiff could not prove all of the elements necessary to show a special relationship (see Laratro at 84). There was no direct contact between defendants and decedent or an immediate family member, and there is no indication that more efficacious alternatives to waiting for the ambulance to arrive were available (id.; see Silver v City of New York, 281 AD2d 233, 234 [1st Dept 2001]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK