Coffey v Mansouri (2022 NY Slip Op 05678)

Coffey v Mansouri

2022 NY Slip Op 05678

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-05006
 (Index No. 601435/14)

[*1]Bonnie Coffey, respondent, 
v
Mehran Mansouri, etc., et al., appellants, et al., defendants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci, Robin N. Gregory, and Ashley V. Humphries of counsel), for appellants.
Alan Ripka & Associates, LLP (Rubin Law, PLLC, New York, NY [Denise A. Rubin], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Mehran Mansouri, Hamid Noorollah, and North Shore LIJ Plainview Hospital appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered March 18, 2019. The order, insofar as appealed from, denied those branches of the motion of the defendants Mehran Mansouri, Hamid Noorollah, North Shore LIJ Plainview Hospital, and North Shore Long Island Jewish Health System, Inc., which were for summary judgment dismissing the amended complaint insofar as asserted against the defendants Mehran Mansouri, Hamid Noorollah, and North Shore LIJ Plainview Hospital.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Mehran Mansouri, Hamid Noorollah, North Shore LIJ Plainview Hospital, and Northwell Health, Inc., which were for summary judgment dismissing the amended complaint insofar as asserted against the defendants Mehran Mansouri, Hamid Noorollah, and North Shore LIJ Plainview Hospital are granted.
On February 11, 2013, the plaintiff underwent right femoral popliteal bypass surgery at the defendant North Shore LIJ Plainview Hospital (hereinafter Plainview Hospital). The surgery was performed by the defendant Mehran Mansouri, a vascular surgeon, who was assisted by the defendant Hamid Noorollah, a physician assistant. The surgery was unsuccessful. The plaintiff then had two additional unsuccessful bypass surgeries. On May 2, 2013, the plaintiff underwent a right leg below-knee amputation.
The plaintiff commenced this action against, among others, Plainview Hospital, Mansouri, Noorollah, and the defendant North Shore Long Island Jewish Health System, Inc. (hereinafter collectively the defendants). The plaintiff alleged, among other things, that Mansouri's negligence in performing the first bypass surgery led to the amputation of the plaintiff's right leg. Following the completion of discovery, the defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them. The plaintiff opposed the motion. In an order entered March 18, 2019, the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against North [*2]Shore Long Island Jewish Health System, Inc., and denied the remaining branches of the motion. Plainview Hospital, Mansouri, and Noorollah appeal.
To prevail on a motion for summary judgment in a medical malpractice action, a defendant physician "must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Stukas v Streiter, 83 AD3d 18, 24; see Matthis v Hall, 173 AD3d 1162, 1163). If a defendant makes such a showing, "the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Spilbor v Styles, 191 AD3d 722, 723 [internal quotation marks omitted]; see Stukas v Streiter, 83 AD3d at 30). "General and conclusory allegations of medical malpractice, . . . unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]).
Here, the defendants established, prima facie, that Plainview Hospital, Mansouri, and Noorollah were entitled to judgment as a matter of law through the submission of the affirmation of their expert, a physician board certified in vascular surgery, who opined that the care and treatment rendered by Plainview Hospital, Mansouri, and Noorollah to the plaintiff did not deviate from accepted standards of medical practice.
In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted the affidavit of her expert, a physician board certified in vascular surgery, who agreed with Mansouri's plan to perform right femoral popliteal bypass surgery. The plaintiff's expert further opined, however, that Mansouri departed from the accepted standard of care by not choosing a different vessel once he found the popliteal artery to be diseased with plaque. The expert's affidavit was conclusory and speculative. While the expert opined that Mansouri should have used a different vessel, he failed to specify which vessel should have been used (see Matter of Joseph v City of New York, 74 AD3d 440). For that same reason, the assertion by the plaintiff's expert that "the vessel should have been bypassed more distally" was conclusory and speculative. Moreover, the opinion of the plaintiff's expert that Mansouri deviated from good and accepted medical practice by failing to verify that the plaintiff had sufficient perfusion after the surgery is unsupported by competent evidence (see Schwartz v Partridge, 179 AD3d 963, 965; Wagner v Parker, 172 AD3d 954, 955). Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the amended complaint insofar as asserted against Plainview Hospital, Mansouri, and Noorollah.
DILLON, J.P., ROMAN, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court