M.O. v City of New York (2022 NY Slip Op 07032)

M.O. v City of New York

2022 NY Slip Op 07032

Decided on December 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 13, 2022

Before: Renwick, J.P., Kapnick, Oing, Moulton, Higgitt, JJ. 

Index No. 155623/12 Appeal No. 16866 Case No. 2022-02229 

[*1]M.O., an Infant Under the Age of Eighteen (18) by and Through her Mother and Natural Guardian Jessica M. Lopez, and Jessica M. Lopez, Individually, Plaintiffs-Appellants,
v
The City of New York, et al., Defendants-Respondents.

Certain & Zilberg, PLLC, New York (Douglas Herring of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about December 2, 2021, which denied plaintiffs' motion for summary judgment as to liability, unanimously affirmed, without costs.
The infant plaintiff, a kindergarten student, was allegedly injured when a wooden cubby unit in the hallway outside her classroom fell and struck her on the head and face, knocking her onto the floor, and falling on top of her. The infant plaintiff, by her mother, and her mother individually, commenced this action to recover damages against The City of New York, The New York City Department of Education, the school's principal, the infant plaintiff's classroom teacher, and a paraprofessional in the infant plaintiff's classroom. Plaintiffs attribute the accident to a dangerous condition in the school's premises, as well as inadequate supervision.
Plaintiffs did not establish their prima facie showing of entitlement to summary judgment as a matter of law on either claim. With regard to the dangerous condition claim, plaintiffs' purported expert's affidavit was insufficient to establish entitlement to summary judgment as to liability, as plaintiffs' expert cited no standard or requirement to support his opinion that a wooden cubby be anchored to a wall (see Deutch v City of New York, 205 AD3d 502, 502-503 [1st Dept 2022]). Plaintiffs otherwise failed to establish as a matter of law that the cubby constituted a dangerous condition for which defendants may be held liable (see Hotaling v City of New York, 55 AD3d 396, 398 [1st Dept 2008], affd 12 NY3d 862, 863 [2009]). Nor was there any indication that the school had notice of a dangerous condition, that the cubby standing against the wall was dangerous, or that any inspection, daily or otherwise, would have revealed such danger (see e.g. Grossman v City of New York, 157 AD3d 600 [1st Dept 2018]).
As to the inadequate supervision claim, plaintiffs failed to establish that it was unreasonable to allow a kindergarten student to briefly retrieve her lunch from her cubby in the hallway outside of her classroom with a teacher and paraprofessional nearby inside of the classroom (see Mirand v City of New York, 84 NY2d 44, 49-50 [1994]; Hunter v New York City Dept. of Educ., 95 AD3d 719, 719 [1st Dept], affd 19 NY2d 1030 [2012]). Nor did plaintiffs establish how plaintiffs' accident, which happened suddenly and without warning, could have been prevented with any level of reasonable supervision (id. at 719).
We have considered plaintiffs' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 13, 2022