Sobirov v Tetsoti (2023 NY Slip Op 01317)

Sobirov v Tetsoti

2023 NY Slip Op 01317

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-04379
 (Index No. 507160/18)

[*1]Tolibjon Sobirov, appellant,
v
Larry Tetsoti, respondent.

Law Offices of Farrukh Nuridinov, P.C., Brooklyn, NY, for appellant.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains, NY (Samantha E. Quinn of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen Spodek, J.), dated June 5, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2018, the plaintiff commenced this action against the defendant, inter alia, to recover damages for medical malpractice which the plaintiff alleged occurred when the defendant performed a transcretal prostate biopsy on the plaintiff. The plaintiff alleged that, following the procedure, he developed an infection with E-coli bacteria. After issue was joined, the defendant moved, among other things, for summary judgment dismissing the cause of action alleging medical malpractice. The plaintiff opposed the motion. By order dated June 5, 2020, the Supreme Court granted that branch of the defendant's motion, and the plaintiff appeals.
The defendant met his prima facie burden of establishing his entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice by submitting the affirmation of his expert, who opined that the treatment provided by the defendant was in accordance with accepted standards of care (see Coffey v Mansouri, 209 AD3d 714, 716). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's expert, a physician in Uzbekistan, was unqualified to render an opinion since he failed to attest to a familiarity with either the standard of care in New York or "to a minimum standard applicable locally, statewide, or nationally" (M.C. v Huntington Hosp., 175 AD3d 578, 580-581). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court