Bindler v Lenox Hill Neighborhood House, Inc. (2023 NY Slip Op 02966)

Bindler v Lenox Hill Neighborhood House, Inc.

2023 NY Slip Op 02966

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Mendez, Pitt-Burke, JJ. 

Index No. 156839/19 Appeal No. 307 Case No. 2022-03094 

[*1]Judith Bindler, Plaintiff-Respondent,
v
Lenox Hill Neighborhood House, Inc., Defendant-Appellant, Ian Dawson, Defendant.

Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka and Kevin G. Faley of counsel), for appellant.
Becker & D'Agostino, P.C., New York (Nancy I. Margolin of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about June 30, 2022, which denied the motion of defendant Lenox Hill Neighborhood House Inc. (Lenox Hill) for summary judgment dismissing the complaint against it, unanimously reversed on the law, without costs, and the motion granted. The clerk is directed to enter judgment accordingly.
Lenox Hill is a nonprofit organization that provides services and activities for its members, all of whom are New York City residents over the age of 60. Among other programing, it provides fitness classes, entertainment, and social events, including but not limited to dances. Plaintiff and defendant Ian Dawson were members of Lenox Hill. On March 12, 2019, Lenox Hill hosted an event for its members and visiting French students that included music and dancing. Dawson joined the dance floor and danced with one of the French students. Soon after, plaintiff joined the dance floor, not far from Dawson. A few minutes later, Dawson lost his balance and fell on plaintiff, which caused plaintiff to fracture her right ankle. Plaintiff sued, and alleged in her complaint that Lenox Hill failed to properly supervise the dance and failed to warn plaintiff of the potential injury to her from the activity. Lenox Hill moved for summary judgment dismissing the complaint against it, arguing that it was not negligent, that it did not have control over its members, and that the accident occurred so quickly during the spontaneous dancing that it could not have been prevented.
To establish a claim for negligence, "a plaintiff must show that the defendant owed the plaintiff a duty and breached that duty, and that the breach proximately caused the plaintiff harm" (Katz v United Synagogue of Conservative Judaism, 135 AD3d 458, 459 [1st Dept 2016]).
In general, a party does not have "a duty to control the conduct of third persons to prevent them from causing injury to others (Purdy v Public Adm'r of County of Westchester, 72 NY 2d 1, 8 [1988]). A duty can only be found where there exists a special relationship between the defendant and the plaintiff requiring the defendant to protect the plaintiff from the third party, or a special relationship "between defendant and [the] third [party] person whose actions expose[d] plaintiff to harm," which "would require the defendant to attempt to control the third person's conduct" (id.).
Here, plaintiff failed to plead that she had a special relationship to defendant requiring it to protect her (see Purdy, 72 NY2d at 8; Blackstock v Board of Educ. of the City of N.Y., 84 AD3d 524, 524 [1st Dept 2011] ["Plaintiff's failure to allege or provide the factual predicate for the special relationship theory in her notice of claim or complaint is fatal to maintenance of this action"]). Plaintiff also failed to plead that there was a special relationship between Lenox Hill and Dawson which enabled it to control Dawson's actions (Malave v Lakeside Manor Homes for Adults, Inc., [*2]105 AD3d 914, 916 [2d Dept 2013] [finding the defendant was not responsible for the actions of the third party intervenor because the third party resident was "free to come and go as [he] pleased"]). Accordingly, plaintiff now is unable to assert that Lenox Hill owed her a duty of care in opposition to Lenox Hill's motion for summary judgment (Rollins v New York City Bd. of Educ., 68 AD3d 540, 541 [1st Dept 2009] [as the plaintiff did not plead a special relationship in the notice of claim or complaint, she could not rely on it to oppose defendant's summary judgment motion]).
Plaintiff also failed to establish proximate cause. To establish proximate cause, "a plaintiff must show that the defendant's negligence was a substantial cause of the events which produced the injury" (Piazza v Regeis Care Ctr., L.L.C., 47 AD3d 551, 554 [1st Dept 2008][internal quotation marks omitted]). In the context of the intervention of a third-party between defendant's conduct and plaintiff's injury, "liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]).
Here, Lenox Hill established that Dawson's fall was not foreseeable. The record supports that Lenox Hill was not on notice of any similar incidents. Instead, the record shows that plaintiff had attended many dance events at Lenox Hill, which occurred without incident. In fact, at her deposition, plaintiff described the dances as "really, really, very nice." Because nothing like this had happened in the past to its members, plaintiff, or Dawson, and because of the suddenness of the incident, there is no basis whatsoever to conclude that Lenox Hill could have foreseen plaintiff's injury (see Lizardo v Board of Educ. of the City of N.Y., 77 AD3d 437, 439 [1st Dept 2010]). Accordingly, the incident was not reasonably foreseeable, and Lenox Hill was under no duty to perceive and guard against it. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023