Betancourt v City of New York (2025 NY Slip Op 02403)

Betancourt v City of New York

2025 NY Slip Op 02403

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Moulton, J.P., Mendez, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 24766/15|Appeal No. 4170-4171|Case No. 2024-01569 2024-04771|

[*1]Leigh Betancourt, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents. 

Hach & Rose, LLP, New York (Mark Glen Sokoloff of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Amanda Abata of counsel), for respondents.

Judgment (denominated an order), Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered January 11, 2024, which granted defendants' motion to dismiss the complaint and for summary judgment dismissing the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered June 27, 2024, which, in effect, granted plaintiff's motion to reargue, and upon reargument, adhered to its prior determination, unanimously affirmed, without costs.
Plaintiff, an assistant principal, was injured by a student with a history of violent behavior while she was assisting a social worker assigned to the school in restraining that student. Plaintiff predicates her theory of liability on evidence of the student's repeated incidents of violent behavior, purported assurances that the principal allegedly made to plaintiff, and defendants' alleged failure to enforce safety protocols. However, absent a special duty owed to plaintiff, liability for her injuries may not be imposed on the municipal defendants (Bonner v City of New York, 73 NY2d 930, 932 [1989]; Vitale v City of New York, 60 NY2d 861, 863 [1983]). A special relationship upon which a cause of action for negligence can be based requires a showing of (1) the municipality's assumption, either through promises or action, of an affirmative duty to protect the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) the injured party's justifiable reliance on the municipality's affirmative undertaking (see Ferreira v City of Binghamton, 38 NY3d 298, 312-313 [2022], quoting Cuffy v City of New York, 69 NY2d 255, 260 [1987]). As for the assumption of an affirmative duty, the "assurance by the municipal defendant must be definite enough to generate justifiable reliance by the plaintiff" (Dinardo v City of New York, 13 NY3d 872, 874 [2009]).
Supreme Court properly granted defendants' motion to dismiss the complaint because neither the notice of claim nor the complaint "allege or provide the factual predicate for the special relationship theory," which "is fatal to the maintenance of this action" (Blackstock v Board of Educ. of the City of N.Y., 84 AD3d 524, 524 [1st Dept 2011]). Although evidence submitted in connection with plaintiff's opposition to the summary judgment motion can be used to cure defects in her pleadings (see Leon v Martinez, 84 NY2d 83, 88 [1994]), her deposition and 50-h hearing testimony negate any finding that defendants made any definite promise or assurance to her, or that she relied on any such assurance or promise. Plaintiff's affidavit in opposition to the motion for summary judgment, which asserts that a promise was made to implement a crisis intervention plan and to provide walkie-talkies, was "fundamentally and irreconcilably inconsistent with her [prior] testimony" (Rollins v New York City Bd. of Educ., 68 AD3d [*2]540, 541 [1st Dept 2009]), and thus creates only a feigned issue of fact (see Harty v Lenci, 294 AD2d 296, 298 [1st Dept 2002]). Because plaintiff's evidence is insufficient to establish all the elements necessary to show a special relationship, summary judgment dismissing the complaint also was properly granted (see Dinardo v City of New York, 13 NY3d at 874; see also Rivera v Board of Educ. of the City of N.Y., 82 AD3d 614, 615 [1st Dept 2011]; Alava v City of New York, 54 AD3d 565, 565 [1st Dept 2008]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025